## Crittenden v. Hoffman, Receiver, Appellant.

*Negotiable securities—Bonds—Stolen bonds—Notice to broker—Stock exchange tickers—Evidence—Act of May 16, 1901, P. L. 194.*

1. Where a firm of stock brokers have stock exchange tickers in their office, over which the exchange transmits notice of stolen bonds, of which it is the custom of brokers to make a record, and the firm are sued in replevin for stolen bonds, but assert that they had no actual notice that they were stolen, the question of whether they had or had not notice is for the jury.

2. In such case, where plaintiff establishes ownership, the burden, under the Act of May 16, 1901, P. L. 194, is shifted to defendants to show that they were holders in due course without notice of any infirmity of title.

Argued October 18, 1923. Appeal, No. 178, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 392, on verdict for plaintiff, in case of Amelia O. Crittenden v. Henry H. Hoffman, Receiver of Hoey & Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for coupon bonds. Before SHAFER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v., quoting record.

*Charles A. O'Brien,* for appellant, cited: Hocking Valley Bank v. Barton, 72 Pa. 110; Simpson v. Bovard, 74 Pa. 351; Battles v. Laudenslager, 84 Pa. 446; McSparran v. Neeley, 91 Pa. 17; Second Nat. Bank of Clarion v. Morgan, 165 Pa. 199; Cox v. Northampton Brewing Co., 245 Pa. 418; Lancaster Bank v. Garber, 178 Pa. 91.

*Thomas, Patterson,* of *Patterson, Crawford, Miller & Arensberg,* for appellee, cited: Whitmore v. Ins. Co., 148 Pa. 405; Madara v. Eversole, 62 Pa. 160; Lehigh Coal, etc., Co. v. Evans, 176 Pa. 28.

PER CURIAM, January 7, 1924:

Plaintiff sued in replevin to recover possession of four unregistered coupon water bonds issued by the City of Pittsburgh, each for the sum of $1,000, which belonged to her and, with other securities, were stolen from the safe of her husband in the Oliver Building, Pittsburgh, on the night of February 26, 1919. On March 9, 1919, plaintiff caused notice of her loss, giving full and complete description of the stolen securities, including the four water bonds, to be sent out by the New York Stock Exchange over its tickers to all members of that organization. The defendants, Hoey & Company, were members of the exchange and at the time had in their office two of the exchange tickers. The testimony shows it to be the custom of members of the New York Stock Exchange receiving such notice to make a record of the information so received and retain it for convenient reference until the stolen property is recovered or the matter otherwise disposed of. In December, 1920, the bonds having been sent by Hoey & Company to the controller of the City of Pittsburgh for registration, and plaintiff learning of that fact, this writ was issued naming the controller as defendant. The city's official disclaimed title to the securities and Hoey & Company,

upon their petition, were allowed to intervene and the action proceeded between plaintiff and that firm.

At the trial plaintiff, having shown her ownership of the bonds and notice of the theft, as above indicated, by the proper officers of the stock exchange to its members, the burden, under section 52 of the Negotiable Instrument Act, was shifted to Hoey & Company to show they were holders in due course without notice of any infirmity in the title. To meet this burden defendant, Hoey, testified to having purchased the bonds from a reputable broker for full value, without notice of any defect in the title of the seller and, although admitting membership in the New York Stock Exchange and having two of its tickers in their office, denied receiving notice that the bonds in controversy were stolen. A verdict was returned in favor of plaintiff and, upon discharge of motions for a new trial and judgment n. o. v., defendant appealed by the receiver.

It being undenied that the bonds were the property of plaintiff and were stolen from her and that Hoey & Company purchased them in due course and at the market price for such securities, the only question remaining was one of fact for the jury to determine, i. e., whether or not Hoey & Company received notice of the theft of the securities sent out by the New York Stock Exchange to its members. This question was fairly presented to the jury by the learned trial judge in his charge in which he referred fully to the evidence adduced by plaintiff as to the notice given through the local exchange and particularly that given by the New York Exchange, of which defendant firm was a member, through its ticker service and also to the denial of defendant, Hoey, that such notice was received or that he had knowledge of any infirmity in the title of the seller at the time of purchasing the bonds, closing his charge in the following language: "So if you find for the defendant, and that he has made out by the weight of the evidence to your satisfaction that he bought these

bonds in good faith and for value, and without notice, that is, without having had knowledge they were stolen, he is entitled to the bonds; or, rather, he is entitled to the value of the bonds......If you do not find that, then you find for the plaintiff, and that would mean Mrs. Crittenden keeps the bonds without paying. That is the whole of this question. It is in a narrow compass, and it is for you to make up your minds from all the evidence in the case, and the probabilities and so forth, and your general understanding of affairs, as to what the result should be."

The assignments of error are overruled and the judgment is affirmed.